UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY BENJENK,<br>1201 Q St. N.W.<br>Apt. 402<br>Washington, DC 20009<br><br>      Plaintiff,<br><br>vs.<br><br>CONSUMER FINANCIAL<br>PROTECTION BUREAU,<br>1700 G Street, N.W.<br>Washington, DC 20220,<br><br>      Defendant. | Civ. No. _____ |

## COMPLAINT

1. Plaintiff Randy Benjenk ("Benjenk" or "Plaintiff") brings this action against Defendant Consumer Financial Protection Bureau ("CFPB" or "Defendant") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of agency records improperly withheld from Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff is an individual residing in the District of Columbia.

5. Defendant is an agency of the United States government headquartered at 1700 G Street, N.W., Washington, DC 20220. Defendant has possession, custody, and control of the records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. In February 2015, Defendant published a report entitled "Consumer Voices on Credit Reports and Scores" (the "Report"), which discusses Defendant's findings from consumer focus groups on credit reports and credit scores. A copy of the Report is attached as Exhibit 1.

7. The Report claims that Defendant's motivation for conducting the focus groups stems from its mandate under the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5493(d)(1), to develop initiatives for consumer financial education. According to the Report, focus groups were conducted with 308 consumers during May and June, 2014 in Boston, St. Louis, Atlanta, and Seattle.

8. According to the Report, consumers participating in the focus groups were screened to represent an array of experience with the credit reporting system, but generally included consumers with significant experience with financial products. The Report also asserts that the consumers were demographically diverse.

9. The Report includes conclusions about consumers drawn by Defendant based on participants' responses during the focus groups. For instance, the Report concludes that consumers: "expressed confusion, frustration, and uncertainty" about

their credit ratings; did not fully understand the impact of credit inquiries; had difficulty understanding information contained in their credit reports; did not use credit information in daily life; and expressed concerns about fraud and identity theft.

10. The Report also includes patterns about consumer credit-checking identified by the Defendant based on participants' responses during the focus groups. For example, the Report identifies consumers' motivations for checking their credit report and reasons why consumers do not check their credit report.

11. By email dated March 2, 2015, Plaintiff filed a FOIA request with Defendant seeking access to all documents and records relating to, or relied upon to prepare, the Report. A copy of Plaintiff's FOIA request is attached as Exhibit 2. Plaintiff's FOIA request was made at the request of a client.

12. By letter dated April 16, 2015, Defendant partially denied Plaintiff's FOIA request. Defendant released 187 pages of responsive records in full and 111 pages of responsive records in part, but withheld 1,196 pages of responsive records, claiming such withheld records were exempt from disclosure under FOIA Exemptions 4, 5, and 6 (5 U.S.C. §§ 552(b)(4)–(6)). A copy of Defendant's partial denial of Plaintiff's FOIA request is attached as Exhibit 3.

13. By letter dated May 6, 2015, Plaintiff timely appealed Defendant's partial denial of Plaintiff's FOIA request. Plaintiff's administrative appeal challenged Defendant's decision with respect to the following documents: (1) records of the process of, and parameters for, selecting focus group participants and focus group

locations; (2) focus group participants' responses; and (3) demographic data of focus group participants. A copy of this administrative appeal is attached as Exhibit 4.

14. By letter dated June 4, 2015, Defendant denied Plaintiff's May 6, 2015 administrative appeal. A copy of Defendant's denial of Plaintiff's administrative appeal is attached as Exhibit 5.

15. Defendant has failed to identify the documents withheld, establish any factual basis for their withholding, or establish that the documents contained no reasonably segregable factual information.

16. Defendant's reliance on Exemptions 4, 5, and 6 to justify its withholding of responsive documents has no basis in law or fact.

17. Because Defendant has denied Plaintiff's May 6, 2015 administrative appeal, Plaintiff has exhausted all administrative remedies with respect to his March 2, 2015 FOIA request pursuant to 5 U.S.C. § 552(a)(6)(A)(ii).

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

18. Plaintiff realleges paragraphs 1 through 17 as if fully stated herein.

19. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

20. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request, as narrowed by Plaintiff's administrative appeal, and a *Vaughn* index of any responsive records withheld under claim of exemption;

B. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request, as narrowed by Plaintiff's administrative appeal;

C. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

D. Grant Plaintiff other such relief as the Court deems just and proper.

July 14, 2015

Respectfully submitted,

/s/Benjamin C. Block
Benjamin C. Block
(DC Bar No. 479705)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001-4956
(202) 662-5205
bblock@cov.com

*Counsel for Plaintiff*