**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
RANDY BENJENK,                              )
                                                          )       Civil Action No. 15-1115 (RC)
                    Plaintiff,                        )
                                                          )                ECF
          v.                                             )
                                                          )
CONSUMER FINANCIAL               )
PROTECTION BUREAU,                   )
                                                          )
                    Defendant.                     )
_____)

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Consumer Financial Protection Bureau ("Defendant" or "Bureau"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint ("Complaint") (ECF 1).

### First Defense

Defendant has complied with its disclosure obligations under the Freedom of Information Act ("FOIA"), as amended, 5 U.S.C. § 552, in responding to Plaintiff's request for information about the Report entitled "Consumer Voices on Credit Reports and Scores" (the "Report"), and has not improperly withheld any non-exempt, responsive records, or segregable portions thereof. Defendant further avers that some or all of the records sought by Plaintiff may be exempt, in part or in full, from release under FOIA exemptions.

### Second Defense

The complaint is limited to Plaintiff's request for the following records, to the extent the records exist, identified in Plaintiff's May 6, 2015 letter appealing Defendant's partial denial of Plaintiff's FOIA request: (1) records of the process of, and parameters for, selecting focus group participants and focus group locations; (2) focus group participants' responses; and (3)

demographic data of focus group participants.  *See also* Compl. ¶ 13.  Defendant avers that

Plaintiff has failed to exhaust his administrative remedies as to any other information sought in

his FOIA request.

<u>Third Defense</u>

In response to the specifically-enumerated paragraphs, as set forth in the Complaint,

Defendant admits, denies and otherwise avers as follows:[1]

1.       Paragraph 1 of the Complaint contains Plaintiff's legal and factual

characterization of this action, to which no response is required.  To the extent a response is

required, Defendant admits that Plaintiff's action is brought under the FOIA and seeks records

requested under the statute, but denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

2-3.     Paragraphs 2-3 of the Complaint set forth legal conclusions and allegations of

subject matter jurisdiction and venue, to which no response is required.  Defendant does not

contest this Court's jurisdiction over this action or venue in this District.

## PARTIES

4.       Paragraph 4 of the Complaint alleges facts regarding Plaintiff and his residency,

about which Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations.

5.       Defendant admits the allegation in Paragraph 5 of the Complaint that it is an

agency of the United States government that is subject to the requirements of FOIA.  Defendant

---

[1]   To the extent the Complaint refers to or quotes from external documents, statutes or
other sources, Defendant may refer to such materials for their accurate and complete contents in
its responses to particular allegations; however, Defendant's references are not intended to be,
and should not be construed to be, an admission that the cited materials: (a) are correctly cited or
quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or
any other, action.

avers that the ZIP code of Defendant's headquarters is 20552, not 20220.   The remaining allegations in this paragraph are conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

### STATEMENT OF FACTS

6.      Defendant admits the allegation in Paragraph 6 that in February 2015 the Bureau published a Report entitled "Consumer Voices on Credit Reports and Scores."   Paragraph 6 also alleges facts regarding the content of the Report.   Defendant avers that the Report itself is the best evidence of its content and respectfully refers the Court to the Report for a complete and accurate statement of its content.   Defendant denies the allegations in Paragraph 6 to the extent that the allegations differ from the content of the Report.

7-10.    Paragraphs 7-10 allege facts regarding the content of the Report.   Defendant avers that the Report itself is the best evidence of its content and respectfully refers the Court to the Report for a complete and accurate statement of its content.   Defendant denies the allegations in Paragraphs 7-10 to the extent that the allegations differ from the content of the Report.

11.      Defendant admits the allegation in Paragraph 11 that it received a FOIA request from Plaintiff by e-mail on March 2, 2015 seeking access to all documents and records relating to, or relied upon to prepare, the Report.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's FOIA request was made at the request of a client.

12.      Defendant admits the allegation in the first sentence of Paragraph 12 that by letter dated April 16, 2015, Defendant partially denied Plaintiff's FOIA request.   The second sentence of Paragraph 12 alleges facts regarding the content of Defendant's April 16, 2015 letter. Defendant avers that the letter itself is the best evidence of its content and respectfully refers the

Court to the letter for a complete and accurate statement of its content.  Defendant denies the allegations in Paragraph 12 to the extent that the allegations differ from the content of the letter.

13.     Defendant admits the allegations in the first sentence of Paragraph 13 of the Complaint.  Defendant avers that the May 6, 2015 appeal letter is the best evidence of its content and respectfully refers the Court to the letter for a complete and accurate statement of its content.  Defendant denies the allegations in Paragraph 13 to the extent that the allegations differ from the content of the letter.

14.     Defendant admits the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains conclusions of law, to which no response is required.  To the extent that a response is deemed to be required, Defendant denies the allegations.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

18.     Defendant repeats and incorporates by reference its responses to paragraphs 1 through 17.

19-20.  Paragraphs 19 and 20 of the Complaint contain conclusions of law, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the statute for a complete and accurate statement of its terms and otherwise denies the allegations in these paragraphs.

**REQUESTED RELIEF**

The remainder of Plaintiff's Complaint, set forth in Paragraphs A to D, consists of Plaintiff's requests for relief, to which no response is required.  To the extent that a response is

deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested, or to any other relief, including attorney's fees.

## GENERAL DENIAL

Defendant expressly denies all of the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer.

WHEREFORE, having fully answered, Defendant respectfully prays that Plaintiff's complaint be dismissed with prejudice and judgment be entered in Defendant's favor and that the Court enter such other and further relief for Defendant as is appropriate.

Respectfully submitted,

VINCENT H. COHEN, JR.
Acting United States Attorney, D.C. Bar # 471489

DANIEL F. VAN HORN, DC Bar # 924092
Chief, Civil Division

By:      _/s/_____
JOHN G. INTERRANTE, PA Bar # 61373
Assistant United States Attorney
Civil Division
555 4th Street, NW, Room E-4808
Washington, DC 20530
Tel: 202.252.2519
Fax: 202.252.2599
Email: John.Interrante@usdoj

*Counsel for Defendant Consumer Financial*
*Protection Bureau*